UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA GALEANA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　　　　Defendant. | Case No. EDCV 11-1397-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On September 9, 2011, Mayra Galeana ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on December 13, 2011. On March 26, 2012, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision should be affirmed and the case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 31 year old female who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on June 30, 2009, alleging disability beginning October 23, 2008. (AR 9, 120.) Plaintiff has not engaged in substantial gainful activity since that date. (AR 11.)

Plaintiff's claims were denied initially on December 8, 2009, and on reconsideration on June 10, 2010. (AR 9.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") William K. Mueller on November 29, 2010, in San Bernardino, California. (AR 9.) Claimant appeared and testified at the hearing, and was represented by counsel. (AR 9.) Vocational expert ("VE") David A. Rinehart also appeared and testified at the hearing. (AR 9.) The ALJ issued an unfavorable decision on January 7, 2011. (AR 9-20.) The Appeals Council denied review on July 29, 2011. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly considered the December 2, 2009, opinions of the State agency review physician K. Gregg, M.D. (AR 244-257) (Exh. 4F).
2. Whether the ALJ properly considered the opinions of Dr. Jesus Bucardo (AR 370-71).

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

2

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impediment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v.

Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC").[1] 20 C.F.R. § 416.920(e). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p. If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).

The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 23, 2008, the alleged onset date. (AR 11.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: affective disorder and history of methamphetamine use in current remission. (AR 11.)

---

[1] Residual functional capacity ("RFC") is what one "can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

4

At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 12-13.)

The ALJ then found that the Plaintiff had the RFC to perform a less than full range of medium work, specifically as follows:

> . . . can lift and/or carry 50 pounds occasionally and 25 pounds frequently; can stand and/or walk for six hours out of an eight-hour workday with regular breaks; can sit for six hours out of an eight-hour workday with regular breaks; is unlimited with respect to pushing and/or pulling, other than as indicated for lifting and/or carrying; is limited to simple routine tasks; and can have no more than occasional contact with the public.

(AR 13.) In determining this RFC, the ALJ also made an adverse credibility determination, which is not challenged. (AR 15.)

At step four, the ALJ found that Plaintiff is unable to perform her past relevant work as a deli counter worker and fast food worker. (AR 19.) The ALJ, however, did find there were other unskilled jobs existing in significant numbers in the national economy that Plaintiff can perform, including packager, floor waxer and hospital cleaner. (AR 20.)

Consequently, the ALJ concluded that Claimant is not disabled within the meaning of the Social Security Act. (AR 20.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly considered the opinion of Dr. Kevin Gregg, a State agency review physician. The ALJ properly rejected the opinion of Plaintiff's treating physician, Dr. Jesus Bucardo.

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**I.     THE ALJ'S RFC IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

An RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including

medical evidence, lay witness and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, An ALJ must consider all the relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

Claimant alleges that she is unable to work because of mental impairments. Specifically, she claims she suffers from depression, mood swings, anxiety attacks, and hallucinations that result in not being able to get through an eight hour workday. (AR 14.) She also testified she has trouble concentrating, hears noises in her head, is fatigued, and has been suicidal. (AR 14.) Her treating physician has prescribed Seroquel, Vaspar, Paroxetene, Cogentin, and Benzotropine. (AR 37.)

Discounting Plaintiff's credibility (a finding not challenged here), the ALJ found that Plaintiff's mental impairments did not preclude all work. The ALJ assessed an RFC for less than medium work with limitations to "simple routine tasks" and "no more than occasional contact with the public." (AR 13.)

Plaintiff challenges the ALJ's RFC on the grounds that the ALJ erred by not discussing moderate limitations in sustained concentration and pace found by State agency reviewer Dr. Gregg and by improperly rejecting the opinion of treating physician Dr. Jesus Bucardo. The Court disagrees.

**A.     Relevant Federal Law**

Plaintiff's challenges to the ALJ's RFC both concern the ALJ's treatment of the medical evidence. In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians:  (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining, or consulting, physicians). See 20 C.F.R. §§ 404.1527, 416.927; see also Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). In general, an ALJ must accord special weight to a treating physician's opinion because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citation omitted). If

a treating source's opinion on the issues of the nature and severity of a claimant's impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with other substantial evidence in the case record, the ALJ must give it "controlling weight." 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2).

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester, 81 F.3d at 830. However, if the treating physician's opinion is contradicted by another doctor, such as an examining physician, the ALJ may reject the treating physician's opinion by providing specific, legitimate reasons, supported by substantial evidence in the record. Lester, 81 F.3d at 830-31; see also Orn, 495 F.3d at 632; Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Where a treating physician's opinion is contradicted by an examining professional's opinion, the Commissioner may resolve the conflict by relying on the examining physician's opinion if the examining physician's opinion is supported by different, independent clinical findings. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Orn, 495 F.3d at 632. Similarly, to reject an uncontradicted opinion of an examining physician, an ALJ must provide clear and convincing reasons. Bayliss v. Barnhart, 427 F.3d 1211, 1216 (9th Cir. 2005). If an examining physician's opinion is contradicted by another physician's opinion, an ALJ must provide specific and legitimate reasons to reject it. Id. However, "[t]he opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician"; such an opinion may serve as substantial evidence only when it is consistent with and supported by other evidence of record. Lester, 81 F.3d at 830-31; Morgan, 169 F.3d at 600.

**B.     The ALJ Properly Considered the Opinion of Dr. Gregg**

State agency reviewing physician Dr. Kevin Gregg submitted a Psychiatric Review Technique form indicating that Plaintiff's mental impairment resulted in a mild restriction of daily living and moderate limitations in both social functioning and concentration, persistence and pace. (AR 252.) These are the "B" criteria for determining whether Plaintiff's mental impairment is severe enough to meet listing 12.04. (AR 13.) He also made more specific

findings in a Mental RFC assessment regarding Plaintiff's "sustained concentration and persistence." (AR 255-56.) He opined that Plaintiff was moderately limited in: (1) the ability to maintain attention and concentration for extended periods; (2) the ability to perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances; and (3) the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. (AR 255-56.) Notwithstanding these limitations, Dr. Gregg's RFC found that Plaintiff was "[c]apable of sustained NP [non-public] SRT's [simple, routine tasks]." (AR 257.) He repeated this assessment in a case note summarizing Plaintiff's treatment history that included Dr. Bucardo's opinion that Plaintiff was unable to complete a 40 hour work week without decompensating. (AR 258-60.)

    The ALJ's step three decision is based on specific findings that Plaintiff's mental impairment has resulted in moderate restriction of daily activities, social functioning and concentration, persistence and pace. (AR 13.) The ALJ decision makes no explicit mention of Dr. Gregg's more specific findings regarding Plaintiff's sustained concentration and persistence, but assessed an RFC with limitations to simple, routine tasks and no more than occasional contact with the public, similar to the RFC provided by Dr. Gregg. (AR 13.) Plaintiff contends that the ALJ erred by not discussing Dr. Gregg's more specific findings regarding Plaintiff's sustained concentration and persistence and by not incorporating those findings in Plaintiff's RFC. The Court disagrees.

    The ALJ did consider Dr. Gregg's more specific findings. The ALJ gave "great weight" to the findings of the State agency reviewers, including Dr. Gregg. (AR 18.) The ALJ repeated their "B" criteria findings, which included moderate limitations in concentration, persistence and pace. (AR 18.) The ALJ then adopted their RFC limitations of simple repetitive tasks and not working with the public. (AR 18.) Dr. Gregg assessed these RFC limitations based on and notwithstanding his more specific findings about Plaintiff's sustained concentration and persistence. Put another way, the more specific findings at issue here are consistent with Dr.

Gregg's and the ALJ's finding that Plaintiff can perform simple, routine tasks.[2] By adopting Dr. Gregg's RFC, the ALJ in effect gave consideration to those more specific findings in the same way that Dr. Gregg did.

Nor was there any requirement that the ALJ mention or discuss those more specific findings in his decision. 20 C.F.R. § 404.1520a(c)(3) requires the ALJ to rate the degree of functional limitations in certain areas. The ALJ did so with his "B" criteria findings. The Ninth Circuit in Hoopai v. Astrue, 499 F.3d 1071, 1077-78 (9th Cir. 2007), held that, having done so, the ALJ is not required to make any more specific findings of functional limitations. Hoopai was a case in which a physician had made the same specific mental impairment moderate limitations findings that Dr. Gregg made here. Id. at 1077. Plaintiff cites no regulation or case authority requiring more specific findings of concentration, persistence and pace than those made by the ALJ here.

Because Dr. Gregg's RFC found only limitations to simple routine tasks and non-public contact based on and despite his assessment of moderate limitations of concentration and persistence, any failure to expressly discuss those limitations is at worst harmless error and would not have changed the outcome of disability determination. Stout v. Comm'r Soc. Sec. Adm., 454 F.3d 1050, 1055-56 (9th Cir. 2006). Plaintiff's suggestion that Dr. Gregg's moderate limitations of sustained concentration and persistence conflicts with the ALJ's RFC is unfounded. To rely on those limitations to argue for a more restrictive assessment than Dr. Gregg himself opined makes no sense. Nor is it typical for subsidiary findings of the sort at issue here to be incorporated into an ALJ's RFC. Dr. Gregg did not see fit to include them in his RFC. (AR 257.) The ALJ was not obliged to do what Dr. Gregg himself chose not to do.

The ALJ did not err in his consideration of Dr. Gregg's opinion.

---

[2] Plaintiff contradicts himself when he observes that Dr. Gregg's assessment of moderate limitations in the ability to carry out detailed instructions (AR 255) is consistent with the ALJ's finding that Plaintiff can perform simple, repetitive tasks. (JS 4 n.1.) The same can be said for the three specific findings at issue here.

**C. The ALJ Properly Discounted the Opinion of Dr. Bucardo**

Plaintiff's next argument is that the ALJ improperly discounted the opinion of treating physician Dr. Jesus Bucardo. The Court disagrees.

In a treatment noted dated October 27, 2009, Dr. Bucardo diagnosed mood disorder, depression with psychotic features, PTSD, and borderline personality disorder. (AR 313.) He found Plaintiff unable to maintain a sustained level of concentration or repetitive tasks for an extended period and opined that she cannot complete a 40 hour work week without decompensating. (AR 313.) This was the opinion Dr. Gregg rejected and the other State agency reviewing physicians' opinions contradicted. (AR 257, 260.) Dr. Bucardo also provided a medical opinion on Plaintiff's ability to do work-related activities dated September 14, 2010, which found Plaintiff seriously limited, unable to meet competitive standards, and likely to be absent from work more than four days a month. (AR 370-71.)

The ALJ rejected Dr. Bucardo's September 14, 2010, opinion and RFC assessment because there are no objective clinical or diagnostic findings to support the limitations he opined (AR 17), and Plaintiff's daily activities and treatment notes, records and history do not support those limitations. (AR 17-18.) An ALJ may reject a treating physician's opinion if it is brief, conclusory and unsupported by rationale or treatment notes or objective medical evidence. Batson v. Comm'r, 359 F.3d 1190, 1195 n.3 (9th Cir. 2004) (treating physician notes did not provide objective medical evidence of alleged limitations). Other than the forms filled out by Dr. Bucardo, Plaintiff cites to nothing in the record or treatment notes to corroborate Dr. Bucardo's disability determination on those forms. Plaintiff disagrees with the ALJ's interpretation of the evidence but it is the ALJ who is responsible for resolving conflicts in the evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Here, the ALJ's interpretation was reasonable and should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

Dr. Bucardo's September 14, 2010, opinion also was based on Plaintiff's subjective complaints, which the ALJ had discounted. (AR 17.) The ALJ had found that Plaintiff's subjective symptom allegations were not supported by treatment records or objective medical

evidence, her routine conservative treatment, her non-compliance with therapy sessions and medications, the fact she was stable when compliant, or by normal daily activities inconsistent with someone alleging a severe mental impairment. (AR 14-17.) Plaintiff does not challenge the ALJ's adverse credibility finding. The ALJ specifically found that:

> Dr. Bucardo stated the claimant's subjective complaints of feeling overwhelmed and unstable mood were the basis of a finding of disability. The allegations of a disabling condition based on claimant's symptoms alone are not supported by objective medical records or the claimant's admitted activities or treatment history . . . Although Dr. Bucardo is the claimant's treating physician his opinion of the claimant's limitations and disabling condition is inconsistent with the record as a whole and fails to mention the claimant's history of drug use, her history of non-compliance with medications, or that the claimant is stable while adherent to her treatment regimen.

(AR 17.) The ALJ properly rejected Dr. Bucardo's September 14, 2010, opinion because it was based on Plaintiff's subjective symptoms, which the ALJ found not credible. Batson, 359 F.3d at 1195 (treating physician's opinion discounted because it lacked objective evidence and was based on claimant's subjective symptoms); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (treating physician opinion based on subjective complaints of claimant whose credibility has been discounted and properly disregarded); Andrews, 53 F.3d at 1043 ("an opinion of disability premised to a large extent upon claimant's own accounts of his symptoms and limitations may be disregarded, once those complaints have been properly discounted").

Plaintiff argues that the ALJ decision only addresses Dr. Bucardo's September 14, 2010, opinion, not his October 27, 2009, note. Plaintiff asserts that Dr. Bucardo's opinions in the latter note are uncontradicted and that the ALJ erred in failing to provide clear and convincing reasons for rejecting those opinions.

The Court disagrees. First, Dr. Bucardo's October 27, 2009, and September 14, 2010, opinions are essentially the same, i.e., Plaintiff's mental impairment imposes serious limitations

that preclude all work. The ALJ's reasons for rejecting the September 14, 2010, RFC assessment, based on the entire record, also apply to the same RFC assessment presented in the October 27, 2009, treatment note.

Second, the ALJ did consider the October 27, 2009, treatment note in adopting Dr. Gregg's RFC that Plaintiff was capable of sustained simple routine tasks. (AR 260.) Dr. Gregg's December 2, 2009, note specifically references Dr. Bucardo's October 27, 2009, opinion that Plaintiff cannot complete a 40 hour work week without decompensating and plainly rejected or contradicted that opinion. (AR 259-60.) The ALJ specifically found that Plaintiff's treatment records and history were consistent with the opinions of State agency reviewers. (AR 18.) These findings embracing Dr. Gregg's RFC suffice to contradict Dr. Bucardo's October 27, 2009 RFC. Thus, Dr. Bucardo's opinion is not entitled to controlling weight and the ALJ may reject Dr. Bucardo's opinion by setting forth specific, legitimate reasons supported by substantial evidence.

Plaintiff, however, argues that Dr. Gregg's opinion is not substantial evidence. Plaintiff contends that Dr. Bucardo's treating physician opinion cannot be contradicted by non-examining State agency review physicians like Dr. Gregg who based their opinions solely on a review of Dr. Bucardo's treating records. Plaintiff's statement of the law is incomplete and overstated.

The Ninth Circuit in Lester, 81 F.3d at 831, held that a non-examining physician's opinion does not "by itself" constitute substantial evidence that justifies rejection of a treating physician's opinion. The Court went on to cite cases upholding the Commissioner's decision to reject a treating physician's opinion "in part" on a non-examining physician's opinion. Id. The Court cited to Magallanes, 881 F.2d at 751-55, where the ALJ did not rely on the non-treating physician's opinion alone to reject a treating physician's opinion but also relied on other evidence of record including testimony of the claimant that conflicted with the treating physician's opinion. The Court also cited to Andrews, 53 F.3d at 1041, where there also was other evidence of record, including conflicting claimant testimony, and held that the treating physician's opinion could be rejected only if the ALJ gives specific, legitimate reasons for doing

so based on substantial evidence. See also Morgan, 169 F.3d at 600-02 (other evidence of record); Thomas, 278 F.3d at 957 (independent clinical findings or other evidence of record). A non-examining physician can be rejected only where contradicted by all other evidence of record. Magallanes, 881 F.3d at 752.

Plaintiff's only citation of authority is to Orn, which is not inconsistent with the statement of law set forth above. Orn specifically noted that an examining physician's opinion based on the same records as the treating physician does not "alone" constitute substantial evidence. Orn, 495 F.3d at 633.

The ALJ here did not rest his rejection of Dr. Bucardo's opinion solely on the opinion of Dr. Gregg, but also on other evidence of record. He cited the lack of clinical findings and objective medical evidence supporting Dr. Bucardo's opinion, Dr. Bucardo's reliance on Claimant's subjective statements that the ALJ had rejected, Claimant's stability when compliant with her medications, and Claimant's daily activities inconsistent with her allegations of a disabling mental impairment. (AR 17-18.) Dr. Gregg's opinion is not contradicted by all other evidence of record; it is consistent with all other evidence of record except for Dr. Bucardo's opinion. The ALJ, then, provided specific and legitimate reasons for rejecting Dr. Bucardo's opinion based on substantial evidence. There was no error.

\* \* \*

The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner of Social Security is AFFIRMED and this case dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: May 14, 2012  /s/ John E. McDermott
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE